IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION<br>600 Pennsylvania Ave., N.W.,<br>Washington, DC 20580, | ) ) ) ) | |
| Petitioner, | ) ) | Misc. No. |
| v. | ) ) ) | |
| MOBILEFUNSTER, INC.<br>c/o Incorporating Service, Ltd.<br>3500 S. Dupont Hwy<br>Dover, Delaware 19901 | ) ) ) ) ) | |
| Respondent. | ) ) ) | |

## PETITION FOR AN ORDER TO ENFORCE
## CIVIL INVESTIGATIVE DEMAND

The Federal Trade Commission ("FTC" or "Commission") petitions this Court, pursuant to Section 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 57b-1, for an Order compelling respondent, Mobilefunster, Inc. ("Mobilefunster"), to respond to a civil investigative demand ("CID"), an administrative order to provide information to the FTC, issued to Mobilefunster by the Commission on November 25, 2013.  The CID was served on Mobilefunster's registered agent on December 2, 2013, and required a response by December 30, 2013.  Mobilefunster has neither responded nor produced the documents and information demanded.

The CID was issued in the course of a non-public investigation to determine whether Mobilefunster – a business involved in the advertising, promotion, or sale of services including, but not limited to, mobile telephone-billed services – had

engaged in acts or practices in violation of Section 5 of the Federal Trade

Commission Act, 15 U.S.C. § 45.  The investigation also sought to determine

whether Commission action to obtain redress of injury to consumers or others would

be in the public interest.  Mobilefunster's absolute failure to comply with the CID is

impeding the Commission's investigation.

The Declaration under penalty of perjury of Russell Deitch, which verifies the

allegations of this Petition, is attached hereto as Petition Exhibit ("Pet. Exh.") 1.

Additional exhibits are as follows:

| | |
|---|---|
| Pet. Exh. 2 | Resolution Authorizing Use of Compulsory Process in Non-Public Investigation of Telephone-Billed Services, Audiotext Services, Videotext Services and Mobile Telephone-Billed Services, August 10, 2010 (FTC File No. 052 3139); |
| Pet. Exh. 3 | Civil Investigative Demand to Mobilefunster, Inc., November 25, 2013; |
| Pet. Exh. 4 | Screenshot of search result for Mobilefunster, Inc. on State of Delaware Division of Corporations website (https://delecorp.delaware.gov/tin/controller), July 11, 2013; and |
| Pet. Exh. 5 | Proof of service of CID upon Incorporating Service, LTD, 3500 S. Dupont Hwy, Dover, Delaware, 19901, on December 2, 2013. |

## ALLEGATIONS

In support of its Petition, the Commission alleges as follows:

1.      The Commission is an administrative agency of the United States,

organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq.*  The

Commission is authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a), to prohibit unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

2.     Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to "prosecute any inquiry necessary to its duties in any part of the United States." Section 6 of the FTC Act, 15 U.S.C. § 46, empowers the Commission, with certain exceptions not relevant here, to "gather and compile information concerning, and to investigate from time to time, the organization, business, conduct, practices and management of, any person, partnership, or corporation engaged in or whose business affects commerce."  Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to "require" by CID the production of documents or other information relating to any Commission law enforcement investigation "whenever the Commission has reason to believe" that the subject of the CID "may be in possession, custody, or control of any documentary material or tangible things, or may have any information, relevant to unfair or deceptive acts or practices."

3.     This Court has jurisdiction to enforce the Commission's duly issued CIDs under Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§ 57b-1(e), (h), which provide, in pertinent part:

> (e) Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever satisfactory copying or reproduction of material requested pursuant to the demand cannot be accomplished and such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business,

3

and serve upon such person, a petition for an order of such court for the enforcement of this section. . . . .

(h) Whenever any petition is filed in any district court of the United States under this section, such court shall have jurisdiction to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section. Any disobedience of any final order entered under this section by any court shall be punished as contempt of court.

4.       Mobilefunster is a Delaware corporation engaged in the business of marketing ringtones for mobile phones.  An FTC investigator located in Washington, D.C., responded to an advertisement and was transferred to the Mobilefunster website and attempted to obtain a ringtone.  Pet. Exh. 1, ¶ 3.

5.       Venue and jurisdiction, therefore, are proper under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(h) because Mobilefunster transacts business in this district.  Pet. Exh. 1, ¶ 3.

6.       On August 10, 2010, the Commission opened an investigation into practices in telephone billing and related matters.  *See* Resolution Authorizing Use Of Compulsory Process In Non-Public Investigation Of Mobile Telephone-Billed Services ("Resolution").  Pet. Exh. 2.  The Commission explained that the "nature and scope of [the] investigation" was:

> To determine whether unnamed persons, partnerships, corporations, and others engaged in the advertising, promotion, operation, offering for sale, or sale of telephone-billed services, audiotext services, videotext services, mobile telephone-billed services, or billing or collection for such services, have been or are engaged in acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, or the

4

> Commission's Trade Regulation Rule pursuant to the
> Telephone Disclosure and Dispute Resolution Act of 1992,
> 16 C.F.R. Part 308.  The Resolution also authorized
> investigations to determine whether Commission action to
> obtain redress of injury to consumers or others would be
> in the public interest.

*Id.*

7.      To effectuate the investigation, the Commission directed that "any and all compulsory processes be available to it to be used in connection with this investigation for a period not to exceed five years." *Id.*

8.      Pursuant to the Resolution, on November 25, 2013, the Commission issued an administrative CID to Mobilefunster, which provides mobile telephone-billed services, seeking documents and information related to Mobilefunster's practices.  Pet. Exh. 1, ¶ 5; Pet. Exh. 3.  The CID included twelve requests for documents and two interrogatories, with multiple subparts that related to these requests.  Pet. Exh. 1, ¶ 5; Pet. Exh. 3, at 9-13.  Pursuant to 16 C.F.R. § 2.7(k), the CID also contained an instruction directing the recipient to meet and confer with FTC investigating staff within 14 days of service (or by December 30, 2013) to discuss and resolve any potential issues relating to compliance.  Pet. Exh. 1, ¶ 5; Pet. Exh. 3, at 3 ("Instruction B").

9.      The CID was served on Mobilefunster's registered agent at 3500 S. Dupont Hwy Dover, Delaware 19901, Pet. Exh. 4, on December 2, 2013.  Pet. Exh. 1, ¶ 6; Pet. Exh. 5.

10.      Mobilefunster did not contact the FTC attorneys listed in the CID at any time.  The company has not produced or sent any documents or information to

FTC staff in response to the CID, has not objected to the CID on any ground, and has not petitioned the Commission to quash or limit the CID, as provided in FTC Rule 16 C.F.R. § 2.10(a)(1).  Pet. Exh. 1, ¶ 8.

11.     Mobilefunster's failure to comply with the CID has burdened, delayed, and impeded the Commission's investigation.  Pet. Exh. 1, ¶ 9.

12.     No previous application for the relief sought herein has been made to this Court or any other.

## PRAYER FOR RELIEF

WHEREFORE, the Commission invokes the aid of this Court and prays:

a.      For the immediate issuance of an order directing Mobilefunster to show cause why it should not comply in full with the subpoena and CID;

b.      For a prompt determination of this matter and an order requiring Mobilefunster to comply fully with the CID within ten (10) days of such order;

c.      For such other relief as this Court deems just and proper.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

JOHN F. DALY
Deputy General Counsel for Litigation

LESLIE RICE MELMAN
Assistant General Counsel for Litigation


_____ s/ Alice B. Bartek
ALICE B. BARTEK
Attorney
Federal Trade Commission
Office of General Counsel
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone:  (202) 326-2191
Facsimile: (202) 326-2477
Email: abartek@ftc.gov

Attorneys for Petitioner Federal Trade Commission

Petition Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION<br>600 Pennsylvania Ave., N.W.,<br>Washington, DC 20580,<br><br>Petitioner,<br><br>v.<br><br>MOBILEFUNSTER, INC.<br>c/o Incorporating Service, Ltd.<br>3500 S. Dupont Hwy<br>Dover, Delaware 19901<br><br>Respondent. | Misc. No. |

## DECLARATION OF RUSSELL DEITCH

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.    I am an attorney employed by the U.S. Federal Trade Commission ("FTC" or

"Commission"), Bureau of Consumer Protection, in Washington, D.C.  I was

the lead attorney on the FTC's non-public investigation of Mobilefunster, Inc.

("Mobilefunster").

2.    I am authorized to execute a declaration verifying the facts that are set forth

in the Commission's Petition For An Order To Enforce Civil Investigative

Demand ("CID").  I have read the petition and exhibits thereto (hereinafter

referred to as "Pet. Exh."), and verify that Pet. Exh. 2 through Pet. Exh. 5 are

true and correct copies of original documents contained in the official files of

1

the FTC. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

3.   Mobilefunster is a Delaware corporation engaged in the business of marketing ringtones for mobile phones. An FTC investigator located in Washington, D.C., responded to an advertisement and was transferred to the Mobilefunster website and attempted to obtain a ringtone.

4.   On August 10, 2010, the Commission issued a Resolution Authorizing Use Of Compulsory Process In Non-Public Investigation Of Mobile Telephone-Billed Services ("Resolution"). Pet. Exh. 2. The Resolution authorized the use of compulsory process for the following purpose:

> To determine whether unnamed persons, partnerships, corporations, and others engaged in the advertising, promotion, operation, offering for sale, or sale of telephone-billed services, audiotext services, videotext services, mobile telephone-billed services, or billing or collection for such services, have been or are engaged in acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, or the Commission's Trade Regulation Rule pursuant to the Telephone Disclosure and Dispute Resolution Act of 1992, 16 C.F.R. Part 308. The Resolution also authorized investigations to determine whether Commission action to obtain redress of injury to consumers or others would be in the public interest.

5.   Pursuant to the Resolution, on November 25, 2013, the Commission issued an administrative CID to Mobilefunster, which provides mobile telephone-billed services, seeking documents and information related to Mobilefunster's practices. Pet. Exh. 3. The CID included twelve requests for documents and

2

two interrogatories, with multiple subparts that related to these requests. Pet. Exh. 3, at 9-13. Pursuant to 16 C.F.R. 2.7(k), the CID also contained an instruction directing the recipient to meet and confer with FTC investigating staff within 14 days of service (or by December 30, 2013) to discuss and resolve any potential issues relating to compliance. Pet. Exh. 3, at 3 ("Instruction B").

6. The CID was served on Mobilefunster's registered agent at 3500 S. Dupont Hwy Dover, Delaware 19901, Pet. Exh. 4, on December 2, 2013. Pet. Exh. 5.

7. Mobilefunster did not contact the FTC attorneys listed in the CID at any time, and the company has not produced or sent any documents or information to FTC staff in response to the CID, has not objected to the CID on any ground, and has not petitioned the Commission to quash or limit the CID, as provided in FTC Rule 16 C.F.R. § 2.10(a)(1).

8. Mobilefunster's failure to comply with the CID has burdened, delayed, and impeded the Commission's investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2014.

Russell Deitch
Attorney
Federal Trade Commission

3

Petition Exhibit 2

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:     Jon Leibowitz, Chairman
                   William E. Kovacic
                   J. Thomas Rosch
                   Edith Ramirez
                   Julie Brill

### RESOLUTION AUTHORIZING USE OF COMPULSORY PROCESS IN NON-PUBLIC INVESTIGATION OF TELEPHONE-BILLED SERVICES, AUDIOTEXT SERVICES, VIDEOTEXT SERVICES AND MOBILE TELEPHONE-BILLED SERVICES

File  052 3139

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships, corporations, and others engaged in the advertising, promotion, operation, offering for sale, or sale of telephone-billed services, audiotext services, videotext services, mobile telephone-billed services, or billing or collection for such services, have been or are engaged in acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, or the Commission's Trade Regulation Rule pursuant to the Telephone Disclosure and Dispute Resolution Act of 1992, 16 C.F.R. Part 308. The investigation is also to determine whether Commission action to obtain redress of injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10 and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50 and 57b-1, as amended; FTC Procedures and Rules of Practices, 16 C.F.R. Part 1.1 et seq. and supplements thereto.

By direction of the Commission.

Donald S. Clark
Secretary

Issued: **August 10, 2010**

Petition Exhibit 3

United States of America
Federal Trade Commission

## CIVIL INVESTIGATIVE DEMAND

**1. TO**

Mobilefunster, Inc.
c/o Incorporating Services, Ltd.
3500 S. Dupont Hwy
Dover, Delaware 19901

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

**2. ACTION REQUIRED**

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
|  |  |
|  | DATE AND TIME OF HEARING OR DEPOSITION |
|  |  |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS MUST BE AVAILABLE

## DEC 3 0 2013

**3. SUBJECT OF INVESTIGATION**

See attached resolution.

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Lois Greisman/ Christine Perrotti (202-326-2789)<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, Mailstop H-286<br>Washington, DC 20580 | Russell Deitch (202) 326-2585<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, Mailstop H-286<br>Washington, DC 20580 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 11/25/13 |  |

### INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

### YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

### TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

FTC Form **144** (rev 2/08)

# Form of Certificate of Compliance*

I/We do certify that all of the documents and information required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to such interrogatory or uncompleted portion and the reasons for the objections have been stated.

Signature   _____

Title   _____

Sworn to before me this day

_____    _____

_____
Notary Public

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

CIVIL INVESTIGATIVE DEMAND
SCHEDULE FOR PRODUCTION OF DOCUMENTS AND WRITTEN
INTERROGATORIES

## I.     DEFINITIONS

As used in this Civil Investigative Demand, the following definitions shall apply:

A.      **"Advertisement"** shall mean all advertising, offering of services or marketing by the Company or an Affiliate through any medium including but not limited to the Internet, telephone operating systems, applications, print, radio or television.

B.      **"Affiliate"** shall mean one or more persons that are offered financial consideration by the Company in exchange for their agreement to market products or services to consumers.

C.      **"Affiliate Marketing Program"** shall mean a program whereby a person offers to provide financial consideration to one or more persons in exchange for their agreement to market products or services to consumers.

D.      **"And,"** as well as **"or,"** shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

E.      **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include the word **"any."**

F.      **"CID"** shall mean the Civil Investigative Demand, including the attached Resolution and this Schedule, and including the Definitions, Instructions, and Specifications.

G.      **"Common Short Code"** shall mean a short numeric code to which text messages can be addressed from a wireless device.

H.      **"Company"** shall mean **Mobilefunster, Inc.,** its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

I.      **"Document"** shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline,

script, abstract, history, calendar, diary, agenda, minute, code book or label. **"Document" shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

J.      **"Each"** shall be construed to include **"every,"** and **"every"** shall be construed to include **"each."**

K.      **"Electronically Stored Information"** or **"ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

L.      **"FTC"** or **"Commission"** shall mean the Federal Trade Commission.

M.      **"Identify"** or **"the identity of"** shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

N.      **"Landing Page"** means the screen that appears in response to touching or clicking on Advertisements.

O.      **"Person"** shall mean any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

P.      **"Referring to"** or **"relating to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

Q.      **"You"** and **"your"** shall mean the person or entity to whom this CID is issued and includes the **"Company."**

R.      **"Wireless Access Protocol Billing"** means a billing mechanism that involves a click on a link or button in an Advertisement or Landing Page, or the capture of a consumer's phone number or other billing identifier without the consumer providing the number himself or herself.

## II.     INSTRUCTIONS

A.     **Sharing of Information:**  The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies.  The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11 (c) and (j).  Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

B.     **Meet and Confer:**  You must contact **Russell Deitch** at **(202) 326-2585 or Arturo DeCastro** at **(202) 326-2747** as soon as possible to schedule a meeting (telephonic or in person) to be held within fourteen (14) days after receipt of this CID, or before the deadline for filing a petition to quash, whichever is first, in order to discuss compliance and to address and attempt to resolve all issues, including issues relating to protected status and the form and manner in which claims of protected status will be asserted, and the submission of ESI and other electronic productions as described in these Instructions.  Pursuant to 16 C.F.R. § 2.7(k), you must make available personnel with the knowledge necessary for resolution of the issues relevant to compliance with this CID, including but not limited to personnel with knowledge about your information or records management systems, relevant materials such as organizational charts, and samples of material required to be produced.  If any issues relate to ESI, you must make available a person familiar with your ESI systems and methods of retrieval.

C.     **Applicable time period:**  Unless otherwise directed in the specifications, the applicable time period for the request shall be from **January 1, 2011 until the date of full and complete compliance with this CID**.

D.     **Claims of Privilege:**  If any material called for by this CID is withheld based on a claim of privilege, work product protection, or statutory exemption, or any similar claim (*see* 16 C.F.R. § 2.7(a)(4)), the claim must be asserted no later than the return date of this CID.  In addition, pursuant to 16 C.F.R. § 2.11(a)(1), submit, together with the claim, a detailed log of the items withheld.  The information in the log shall be of sufficient detail to enable the Commission staff to assess the validity of the claim for each document, including attachments, without disclosing the protected information.  Submit the log in a searchable electronic format, and, for each document, including attachments, provide:

1.     Document control number(s);

2.     The full title (if the withheld material is a document) and the full file name (if the withheld material is in electronic form);

3.     A description of the material withheld (for example, a letter, memorandum, or email), including any attachments;

4.     The date the material was created;

5.     The date the material was sent to each recipient (if different from the date the material was created);

3

6. The email addresses, if any, or other electronic contact information to the extent used in the document, from which and to which each document was sent;

7. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all authors;

8. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all recipients of the material;

9. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all persons copied on the material;

10. The factual basis supporting the claim that the material is protected; and

11. Any other pertinent information necessary to support the assertion of protected status by operation of law.

16 C.F.R. § 2.11(a)(1)(i)-(xi).

In the log, identify by an asterisk each attorney who is an author, recipient, or person copied on the material. The titles, business addresses, email addresses, and relevant affiliations of all authors, recipients, and persons copied on the material may be provided in a legend appended to the log. However, provide in the log the information required by Instruction D.6. 16 C.F.R. § 2.11(a)(2). The lead attorney or attorney responsible for supervising the review of the material and who made the determination to assert the claim of protected status must attest to the log. 16 C.F.R. § 2.11(a)(1).

If only some portion of any responsive material is privileged, all non-privileged portions of the material must be submitted. Otherwise, produce all responsive information and material without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(1).

E. **Document Retention:** You shall retain all documentary materials used in the preparation of responses to the specifications of this CID. The Commission may require the submission of additional Documents at a later time during this investigation. Accordingly, you should suspend any routine procedures for Document destruction and take other measures to prevent the destruction of Documents that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such Documents are protected from discovery by privilege or otherwise. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

F. **Petitions to Limit or Quash:** Any petition to limit or quash this CID must be filed with the Secretary of the Commission no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition shall set forth all assertions of protected status or other factual and legal objections to the CID, including all appropriate arguments, affidavits, and other supporting documentation. 16 C.F.R.

§ 2.10(a)(1). Such petition shall not exceed 5,000 words as set forth in 16 C.F.R. § 2.10(a)(1) and must include the signed separate statement of counsel required by 16 C.F.R. § 2.10(a)(2). **The Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process. 16 C.F.R. § 2.7(k);** *see also* **§ 2.11(b).**

G. **Modification of Specifications:** If you believe that the scope of the required search or response for any specification can be narrowed consistent with the Commission's need for Documents or information, you are encouraged to discuss such possible modifications, including any modifications of definitions and instructions, with **Russell Deitch at (202) 326-2585 or Arturo DeCastro at (202) 326-2747.** All such modifications must be agreed to in writing by the Bureau Director, or a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director. 16 C.F.R. § 2.7(l).

H. **Certification:** You or a duly authorized manager of the Company shall certify that the response to this CID is complete. This certification shall be made in the form set out on the back of the CID form, or by a declaration under penalty of perjury as provided by 28 U.S.C. § 1746.

I. **Scope of Search:** This CID covers Documents and information in your possession or under your actual or constructive custody or control including, but not limited to, Documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such Documents and information were received from or disseminated to any person or entity.

J. **Document Production:** You shall produce the documentary material by making all responsive Documents available for inspection and copying at your principal place of business. Alternatively, you may elect to send all responsive Documents to **Christine Perrotti, Federal Trade Commission, 600 Pennsylvania Avenue, NW, H-286, Washington, DC 20580.** Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to **Russell Deitch at rdeitch@ftc.gov or (202) 326-2585 or Arturo DeCastro at adecastro@ftc.gov at (202) 326-2747** at least five days prior to the return date.

K. **Document Identification:** Documents that may be responsive to more than one specification of this CID need not be submitted more than once; however, your response should indicate, for each Document submitted, each specification to which the Document is responsive. If any Documents responsive to this CID have been previously supplied to the Commission, you may comply with this CID by identifying the Document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if Documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the Documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such Documents came. In addition, number by page (or file, for those Documents produced in native electronic

format) all Documents in your submission, preferably with a unique Bates identifier, and indicate the total number of Documents in your submission.

L.   **Production of Copies:**  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original Documents, provided that the originals are retained in their state at the time of receipt of this CID. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original Documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original Documents and produce them to Commission staff upon request.  Copies of marketing materials and Advertisements shall be produced in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

M.   **Electronic Submission of Documents**: The following guidelines refer to the production of any Electronically Stored Information ("ESI") or digitally imaged hard copy Documents. Before submitting any electronic production, you must confirm with the Commission staff named above that the proposed formats and media types will be acceptable to the Commission. The FTC requests Concordance load-ready electronic productions, including DAT and OPT load files.

   1.   **Electronically Stored Information**: Documents created, utilized, or maintained in electronic format in the ordinary course of business should be delivered to the FTC as follows:

      a.   Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, must be produced in native format with extracted text and metadata.  Data compilations in Excel spreadsheets, or in delimited text formats, must contain all underlying data un-redacted with all underlying formulas and algorithms intact.  All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

      b.   All ESI other than those Documents described in 1.a. above must be provided in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents); and

    c.       Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

2.     **Hard Copy Documents:** Documents stored in hard copy in the ordinary course of business should be submitted in an electronic format when at all possible. These Documents should be true, correct, and complete copies of the original Documents as converted to TIFF (or color JPEG) images with corresponding document-level OCR text. Such a production is subject to the following requirements:

    a.       Each page shall be endorsed with a document identification number (which can be a Bates number or a document control number); and

    b.       Logical document determination should be clearly rendered in the accompanying load file and should correspond to that of the original Document; and

    c.       Documents shall be produced in color where necessary to interpret them or render them intelligible.

3.     For each Document electronically submitted to the FTC, you should include the following metadata fields in a standard ASCII delimited Concordance DAT file:

    a.       **For electronic mail:** begin Bates or unique document identification number ("DocID"), end Bates or DocID, mail folder path (location of email in personal folders, subfolders, deleted or sent items), custodian, from, to, cc, bcc, subject, date and time sent, date and time received, and complete attachment identification, including the Bates or DocID of the attachments ("AttachIDs") delimited by a semicolon, MD5 or SHA Hash value, and link to native file;

    b.       **For email attachments:** begin Bates or DocID, end Bates or DocID, parent email ID (Bates or DocID), page count, custodian, source location/file path, file name, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

    c.       **For loose electronic Documents (as retrieved directly from network file stores, hard drives, etc.):** begin Bates or DocID, end Bates or DocID, page count, custodian, source media, file path, filename, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file; and

    d.       **For imaged hard copy Documents:** begin Bates or DocID, end Bates or DocID, page count, source, and custodian; and where applicable, file folder name, binder name, attachment range, or other such references, as

necessary to understand the context of the Document as maintained in the ordinary course of business.

4.     If You intend to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in Your computer systems or electronic storage media, or if Your computer systems contain or utilize such software, You must contact the Commission counsel named above to determine whether and in what manner You may use such software or services when producing materials in response to this Request.

5.     Submit electronic productions as follows:

    a.     With passwords or other document-level encryption removed or otherwise provided to the FTC;

    b.     As uncompressed electronic volumes on size-appropriate, Windows-compatible, media;

    c.     <u>All electronic media shall be scanned for and free of viruses;</u>

    d.     Data encryption tools may be employed to protect privileged or other personal or private information. The FTC accepts TrueCrypt, PGP, and SecureZip encrypted media. The passwords should be provided in advance of delivery, under separate cover. Alternate means of encryption should be discussed and approved by the FTC.

    e.     Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

        **MAGNETIC MEDIA – DO NOT X-RAY**
        **MAY BE OPENED FOR POSTAL INSPECTION.**

6.     All electronic files and images shall be accompanied by a production transmittal letter which includes:

    a.     A summary of the number of records and all underlying images, emails, and associated attachments, native files, and databases in the production; and

    b.     An index that identifies the corresponding consecutive document identification number(s) used to identify each person's Documents and, if submitted in paper form, the box number containing such Documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission counsel named above determines prior to submission that the machine-readable form would be in a format that allows the agency to use the

computer files).  The Commission counsel named above will provide a
sample index upon request.

**A Bureau of Consumer Protection Production Guide is available upon
request from the Commission counsel named above. This guide provides
detailed directions on how to fully comply with this instruction.**

N.    **Sensitive Personally Identifiable Information:**  If any material called for by these
requests contains sensitive personally identifiable information or sensitive health information of
any individual, please contact us before sending those materials to discuss ways to protect such
information during production.  If that information will not be redacted, contact us to discuss
encrypting any electronic copies of such material with encryption software such as SecureZip
and provide the encryption key in a separate communication.

For purposes of these requests, sensitive personally identifiable information includes: an
individual's Social Security number alone; or an individual's name or address or phone number
in combination with one or more of the following: date of birth, Social Security number, driver's
license number or other state identification number, or a foreign country equivalent, passport
number, financial account number, credit card number, or debit card number.  Sensitive health
information includes medical records and other individually identifiable health information
relating to the past, present, or future physical or mental health or conditions of an individual, the
provision of health care to an individual, or the past, present, or future payment for the provision
of health care to an individual.

O.    **Information Identification:**  Each specification and subspecification of this CID shall be
answered separately and fully in writing under oath.  All information submitted shall be clearly
and precisely identified as to the specification(s) or subspecification(s) to which it is responsive.

P.    **Certification of Records of Regularly Conducted Activity:**  Attached is a Certification
of Records of Regularly Conducted Activity, which may reduce the need to subpoena the
Company to testify at future proceedings in order to establish the admissibility of Documents
produced in response to this CID.  You are asked to execute this Certification and provide it with
your response.

## III.    SPECIFICATIONS FOR PRODUCTION OF DOCUMENTS

Produce the following Documents:

A.    Each non-identical Advertisement;

B.    For each non-identical Advertisement:

1.    All contracts between Mobilefunster and any entity or individual who
managed, placed, wrote, created, edited, developed, produced, reviewed or
approved the Advertisement;

2. All Documents relating to Mobilefunster placing, writing, creating, editing, developing, producing, reviewing or approving the Advertisement;

3. All Documents relating to Mobilefunster's monitoring of the Advertisement;

4. All Documents relating to any enforcement action Mobilefunster took against companies or individuals involved with the Advertisement;

5. All consumer complaints relating to the Advertisement;

6. All refund requests;

7. All complaints and other Documents relating to problems with downloads;

8. One copy of each good or service offered through the Advertisement;

9. All copy tests and focus group studies relating to the Advertisement;

10. Documents sufficient to show how the Advertisement is delivered to consumers whether it is over the Internet, through applications, by email, or other means;

11. Documents sufficient to show whether charges billed to consumers in connection with the Advertisement are billed through consumers' telephone bills, prepaid accounts, credit cards or debit cards;

12. For each consumer billed or charged in connection with the Advertisement, the name of the consumer, the telephone number of the consumer, the email address of the consumer, the date of the alleged purchase, the agreement to make the purchase, the dates and amounts of all charges, the amount of refunds, the number of downloads of any good or service, the type of good or service downloaded, and any other evidence of use of the good or service;

13. Each Common Short Code relating to the Advertisement, and the date(s) the Commons Short Code was used;

14. The terms and conditions presented to consumers in connection with the Advertisement;

15. The privacy policy presented to consumers in connection with the Advertisement;

16. All landing pages used in connection with the Advertisement;

17. The appearance and wording of any proposed agreement related to the Advertisement presented to consumers in order to obtain the consumer's agreement to be billed or charged;

18. All other information presented to consumers in connection with the Advertisement;

19. Documents sufficient to show the progression of the Advertisement, and other information presented to consumers in the order it is presented;

20. Documents sufficient to show whether the Advertisement involves Wireless Application Protocol or WAP Billing;

21. Documents sufficient to show what steps or actions a consumer takes before the Company bills or charges a consumer, including but not limited to, the locations on a landing page that a consumer can touch or enter a phone number as part of any authorization to be billed;

22. Documents sufficient to show that each of the goods and services in the Advertisements could be, and actually were, downloaded by consumers; and

23. Documents sufficient to show each model of phone, type of other device, and operating system for which each of the goods or services in the Advertisement could be, and actually was, downloaded.

C. All advertising guidelines or policies;

D. All law enforcement actions, contacts or inquiries relating to the Advertisements;

E. All of Mobilefunster's policies and procedures relating to Affiliates;

F. All Documents relating to terminating, fining or disciplining Affiliates;

G. All Documents relating to fines, suspensions or terminations by billing aggregators or telephone companies or carriers;

H. All Documents relating to refund rates;

I. All Documents referring to actual, potential or possible false, misleading, deceptive or unsubstantiated claims or representations;

J. Documents sufficient show the terms and conditions of each Affiliate Marketing Program;

11

K.      Documents sufficient to identify the Company's top 25 Affiliates as measured by the amount of commissions paid to the Affiliate; and

L.      Documents sufficient to show the amount of revenue Mobilefunster received as a result of Advertising by each of the Company's top 25 Affiliates, and the amount of commission Mobilefunster paid to each of the Affiliates.

## IV.    SPECIFICATIONS FOR INTERROGATORY RESPONSES

Demand is made for the following information:

A.      State the names, titles, and job descriptions of all officers, directors, employees and independent contractors of Mobilefunster involved with advertising or marketing;

B.      For each Advertisement produced in response to Document Request A, provide the following information:

    1.    The number of times the Advertisement was displayed or appeared;

    2.    The URL and IP addresses for the Advertisement;

    3.    A description of the type of operating systems where the Advertisement was displayed or appeared;

    4.    A description of all involvement Mobilefunster had in placing, writing, creating, editing, developing, producing, reviewing or approving the Advertisement;

    5.    A description of all involvement Mobilefunster had with the Advertisement other than placing, writing, creating, editing, developing, producing, reviewing or approving the Advertisement;

    6.    The identity of the advertiser, advertising network, Affiliate, and all other entities that had a role in placing, writing, creating, editing, developing, producing, reviewing or approving the Advertisement, the roles played by each such entity, the amount of money paid by Mobilefunster to, or received by Mobilefunster from, each such entity, and information sufficient to show the bank account names and numbers for each corporate entity;

    7.    The identity of all billing aggregators, payment processors or others who were involved with the flow of money relating to the Advertisement;

    8.    The rate of commissions, financial incentives and payments offered to each entity or individual for (a) consumer's clicking or viewing the

Advertisement and (b) consumer's purchase of any good or service offered on or through the Advertisement;

9.  The monthly and total amount of dollars billed or charged to consumers through phone bills, prepaid accounts, credit cards, debit cards, or other means for goods or services marketed through the Advertisement;

10. The monthly and total amount of refunds paid to consumers for goods or services marketed through the Advertisement;

11. A description of Mobilefunster's involvement with placing, allowing to be placed, writing, creating, editing, developing, producing, reviewing or approving the Advertisment;

12. A description of how Mobilefunster obtained consumers phone numbers or other information used by billing, whether it was through Internet advertising, email solicitations, or other means;

13. A description of where and how Mobilefunster uses Wireless Application Protocol or WAP billing; and

14. A complete description of each of Mobilefunsters' Affiliate Marketing Programs.

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
### Pursuant to 28 U.S.C. § 1746

1.    I, _____, have personal knowledge of the facts set forth below

and am competent to testify as follows:

2.    I have authority to certify the authenticity of the records produced by Mobilefunster, Inc,

and attached hereto.

3.    The documents produced and attached hereto by Mobilefunster, Inc. are originals or true

copies of records of regularly conducted activity that:

a)    Were made at or near the time of the occurrence of the matters set forth by, or

from information transmitted by, a person with knowledge of those matters;

b)    Were kept in the course of the regularly conducted activity of Mobilefunster, Inc.;

and

c)    Were made by the regularly conducted activity as a regular practice of

Mobilefunster, Inc.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2013.


_____

Signature

# Petition Exhibit 4

Division of Corporations - Online Services

Delaware.gov | Text Only

Governor | General Assembly | Courts | Elected Officials | State Agencies

---

## Department of State: Division of Corporations

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request  How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

Frequently Asked Questions   View Search Results

Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | |
|---|---|---|
| File Number: | **4137073** | Incorporation Date / Formation Date: **04/04/2006** (mm/dd/yyyy) |
| Entity Name: | **MOBILEFUNSTER, INC.** | |
| Entity Kind: | **CORPORATION** | Entity Type: **GENERAL** |
| Residency: | **DOMESTIC** | State: **DE** |

REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **INCORPORATING SERVICES, LTD.** | | |
| Address: | **3500 S DUPONT HWY** | | |
| City: | **DOVER** | County: | **KENT** |
| State: | **DE** | Postal Code: | **19901** |
| Phone: | **(302)531-0855** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  Submit

Back to Entity Search

To contact a Delaware Online Agent click here.

---

Petition Exhibit 5

**Bartek, Alice**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Monday, December 02, 2013 10:19 AM |
| **To:** | Deitch, Russell S. |
| **Subject:** | FedEx Shipment 797257876172 Delivered |

This tracking update has been requested by:

Company Name:           Federal Trade Commission
Name:                   Bernita Lofty
E-mail:                 blofty@ftc.gov

Our records indicate that the following shipment has been delivered:

Purchase order number:     0612
Reference:                 1323227/567467
Ship (P/U) date:           Nov 26, 2013
Delivery date:             Dec 2, 2013 10:13 AM
Sign for by:               S.SAUNDERS
Delivery location:         DOVER, DE
Delivered to:              Receptionist/Front Desk
Service type:              FedEx 2Day
Packaging type:            FedEx Envelope
Number of pieces:          1
Weight:                    0.50 lb.
Special handling/Services: Direct Signature Required
                           Deliver Weekday
Tracking number:           797257876172

Shipper Information          Recipient Information
Bernita Lofty                c/o Incorporating Services, Ltd.
Federal Trade Commission     Mobilefunster, Inc.
600 Pennsylvania Avenue, NW  3500 S. Dupont Hwy
Records and Filings Office, Rm.113  DOVER
Washington                   DE
DC                           US
US                           19901
20580

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 9:19 AM CST on
12/02/2013.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
FEDERAL TRADE COMMISSION )
   600 Pennsylvania Ave., N.W., )
   Washington, DC 20580, )
                             )    Misc. No.
        **Petitioner,** )
)
      v. )
)
**MOBILEFUNSTER, INC.** )
   c/o Incorporating Service, Ltd. )
   3500 S. Dupont Hwy )
   Dover, Delaware 19901 )
)
      **Respondent.** )
)

---

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITION FOR AN ORDER
TO ENFORCE CIVIL INVESTIGATIVE DEMAND**

## I.   INTRODUCTION

The Federal Trade Commission ("FTC" or "Commission") has undertaken a non-public investigation concerning possible violations of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, in the provision of "mobile telephone-billed service." In the course of that investigation, the Commission issued a civil investigative demand ("CID") directing Respondent, Mobilefunster, Inc. ("Mobilefunster") to produce information and documents relevant to the investigation. Mobilefunster has failed entirely to comply with the CID and has not produced any of the documents and information demanded. That failure has hindered and delayed the Commission's ongoing investigation. Pursuant to Section

1

20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 57b-1, the FTC

has petitioned this Court for an Order compelling, Mobilefunster to appear and

show cause why it should not comply in full with the CID.

## II.   JURISDICTION AND VENUE

Section 20 of the FTC Act authorizes the Commission to issue CIDs[1] to

require the production of documentary material relating to any matter under

investigation.  15 U.S.C.§ 57b-1(c).  If the recipient of a CID fails to comply, the

Commission may petition an appropriate district court for an order directing the

recipient to comply.  15 U.S.C. § 57b-1(e), (h).  The statute confers jurisdiction and

venue on the district court of the United States in the district where the CID

recipient "resides, is found, or transacts business . . . ."  15 U.S.C. § 57b-1(e).

Mobilefunster transacts business in this district.  Pet. Exh. 1, ¶ 9.

The Commission issued the CID to Mobilefunster on November 25, 2013.

Because Mobilefunster has not complied, Section 20 empowers this Court to "enter

such order or orders as may be required" (*e.g.*, a show cause order) to enforce the

CID.  15 U.S.C. §§ 57b-1(e), (h).

---

[1]     A CID is a form of administrative compulsory process akin to a subpoena
*duces tecum* or subpoena *ad testificandum*.  The FTC's authority to issue civil
investigative demands under Section 20 of the FTC Act, 15 U.S.C. § 57b-1, was
modeled on the Department of Justice's authority to issue civil investigative
demands under the Antitrust Civil Process Act, 15 U.S.C. § 1311.  *See*
H.R.Cong.Rep. No. 917, 96th Cong., 2d Sess. 32 (1980), *reprinted in* 1980
U.S.C.C.A.N. 1143, 1149; S.Rep. No. 500, 96th Cong., 1st Sess. 23–25 (1979),
*reprinted in* 1980 U.S.C.C.A.N. 1102, 1124–26.

III.   STATEMENT OF FACTS

   A.   The Parties

   The Commission is an administrative agency of the United States, organized

and existing pursuant to the FTC Act, 15 U.S.C. § 41, *et seq*.  The Commission is

authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prevent

"unfair methods of competition" and "unfair or deceptive acts or practices in or

affecting commerce."  Section 3 of the FTC Act empowers the Commission to

prosecute any inquiry necessary to its duties in any part of the United States.  15

U.S.C. § 43.  Section 6 of the Act empowers the Commission [t]o gather and compile

information concerning, and to investigate from time to time the organization,

business, conduct, practices, and management of any person, partnership, or

corporation engaged in or whose business affects commerce, with certain exceptions

not relevant here.  15 U.S.C. § 46.  Section 20 empowers the Commission to require

by CID the production of documents or other information relating to any

Commission law enforcement investigation.  15 U.S.C. § 57b-1.

   Mobilefunster is a Delaware corporation engaged in the business of

promoting and marketing ringtones for mobile phones and billing for mobile

telephone services, which constitute mobile telephone-billed services.

   B.   The Commission's Investigation and the CID

   On August 10, 2010, the Commission began a non-public investigation into a

number of telephone-related practices, including mobile telephone-billed services.

*See* Resolution Authorizing Use Of Compulsory Process In Non-Public Investigation

3

Of Telephone-Billed Services, Audiotext Services, Videotext Services And Mobile
Telephone-Billed Services ("Resolution") (FTC File No. 052 3139).  Pet. Exh. 2.  The
"nature and scope of [the] investigation" was:

> To determine whether unnamed person, partnerships, corporations,
> and others engaged in the advertising, promotion, operation, offering
> for sale, or sale of telephone-billed services, audiotext services,
> videotext services, mobile telephone-billed services, or billing or
> collection for such services, have been or are engaged in acts or
> practices in violation of Section 5 of the Federal Trade Commission
> Act, 15 U.S.C. § 45, or the Commission's Trade Regulation Rule
> pursuant to the Telephone Disclosure and Dispute Resolution Act of
> 1992 ("Pay-Per-Call Rule"), 16 C.F.R. Part 308.  The Resolution also
> authorized investigations to determine whether Commission action to
> obtain redress of injury to consumers or others would be in the public
> interest.

Pet. Exh. 2.  To ensure that it could gather adequate information in its inquiry, the
Commission directed that "any and all compulsory processes be available to it to be
used in connection with this investigation for a period not to exceed five years."  *Id.*

Pursuant to the Resolution, on November 25, 2013, the Commission issued a
CID to Mobilefunster.  Pet. Exh. 2.  The CID included twelve requests for
documents and two interrogatories, with multiple subparts that related to these
requests.  *Id.* at 9-13.  In addition, the CID also contained an instruction that
directed the recipient to meet and confer with FTC staff within 14 days of service
(or by December 30, 2013) to discuss the CID and to resolve any potential issues
relating to Mobilefunster's compliance.   *Id.* at 3.  Under the Commission's rules,
Mobilefunster had 20 days to petition the FTC to limit or quash the CID.  16 C.F.R.
§ 2.10(a)(1).  Mobilefunster took none of those actions.  It did not contact FTC staff
as directed, it did not comply with the CID in any way, Pet. Exh. 1 ¶ 8, and it did

not file a petition to limit or quash the CID,   Pet. Exh. 1 ¶ 7; Pet. Exh. 7;  Pet. Exh. 1 ¶ 9.

## IV.   LEGAL STANDARD FOR ENFORCEMENT

"[T]he scope of issues which may be litigated in a [compulsory process] enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity."  *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*) (internal citation omitted). Although "the court's function is 'neither minor nor ministerial,'" *id.* (quoting *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 (1946)), it is "strictly limited," *Texaco*, 555 F.2d at 872, to determining whether the Commission can demonstrate that the CID is "within the authority of the agency, the demand is not too indefinite[,] the information sought is reasonably relevant [and] 'the disclosure sought shall not be unreasonable.'"  *United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950) (quoting *Oklahoma Press* 327 U.S. at 208).  The scope of permissible FTC inquiry is broad:  the agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  *Texaco*, 555 F.2d at 872.

Proceedings to enforce FTC compulsory process are entitled to summary disposition.  They are properly instituted by a petition and an order to show cause rather than a complaint and a summons.  *See FTC v. Carter*, 636 F.2d 781, 791 (D.C. Cir. 1980); *In re Appeal of FTC Line of Business Report Litigation*, 595 F.2d 685, 704-5 (D.C. Cir. 1978) (*per curiam*), *cert. denied*, 439 U.S. 958 (1978).  Further,

because these proceedings are summary in nature, discovery and evidentiary hearings are allowed only upon a showing of exceptional circumstances. *See, e.g., FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992); *Carter* 636 F.2d at 789, 791; *see also United States v. Exxon*, 628 F.2d 70, 77 n.7 (D.C. Cir.) *(per curiam), cert. denied*, 446 U.S. 964 (1980).

V.   ARGUMENT

A.   **The CID is Within the Lawful Authority of the Agency.**

The Commission has broad authority to investigate acts and practices that may violate § 5(a) of the FTC Act and to issue CIDs in aid of an investigation. *See Invention Submission Corp.* 965 F.2d at 1089-90; *FTC v. Ken Roberts Co.*, 276 F.3d 583, 586-87 (D.C. Cir. 2001); *Carter* 636 F.2d at 787-88; 15 U.S.C. §§ 43, 57b-1. Exercising that authority here, the Commission properly opened an investigation into possible violations in "mobile telephone-billed services," and it authorized the use of "any and all compulsory processes ... to be used in connection with this investigation." Pet. Exh. 2. As part of that investigation, the Commission issued the CID to Mobilefunster, a provider of "mobile telephone-billed services." The CID was thus within the lawful authority of the agency. *See Invention SubmissionCorp.*, 965 F.2d at 1090 (FTC has authority to seek information relevant to general investigation).

Further, the CID was issued consistent with FTC regulations and procedures. Authorized by the Commission resolution, Pet. Exh. 2, the CID was signed by a Commissioner and served by the Commission's Secretary. *See* 16 C.F.R. § 2.7.

6

### B.   The CID Seeks Information That Is Reasonably Relevant To The Commission's Investigation.

As discussed above, the Commission is investigating whether any entity involved in mobile telephone-based billing has violated the FTC Act.  The CID here is directly relevant to that investigation.  It requests information about Mobilefunster's advertising, customers, consumer complaints, refund requests, billing methodologies, privacy policies, and other information directly related to Mobilefunster's conduct of its business.  Pet. Exh. 3 at 9-13.  That information is plainly relevant to the Commission's investigation into whether "the law is being violated in some way and . . . to determine whether or not to file a complaint." *Invention Submission Corp.*, 965 F.2d at 1090.  As set forth in the accompanying declaration of the Commission's attorney, Russell Deitch, the Commission, through specific interrogatories and document requests, seeks to ascertain whether or not Mobilefunster is violating the FTC Act through deceptive marketing or unauthorized billing.  Pet. Exh. 1, ¶ 6; Pet. Exh. 5.

### C.   The Information Sought Is Neither Indefinite Nor Unreasonable.

The CID contains twelve requests for documents (one of which has multiple sub-parts) and two interrogatories.  There is nothing indefinite about the demands, which are detailed and clearly stated.

Mobilefunster has waived any challenge to the reasonableness of the demands.  It declined to seek administrative relief from the Commission, which is a predicate to seeking judicial relief.  *See FTC v. O'Connell Associates, Inc.*, 828 F.Supp. 165, 168 (E.D.N.Y. 1993); 16 C.F.R. § 2.10 (petitions to quash or limit

7

subpoena "shall be filed with the Secretary of the Commission within twenty (20) days after service of the subpoena . . ., or, if the return date is less than twenty (20) days after service, prior to the return date."); *see also Morton Salt*, 338 U.S. at 653-54.

Even if Mobilefunster had not waived the challenge to unreasonableness, it is well established that some burden on the recipients of investigative process is a necessary consequence of law enforcement.  Therefore, Mobilefunster must bear the heavy burden of showing that compliance with the CID is *unreasonably* burdensome in that it threatens to unduly disrupt or seriously hinder normal business operations.  *See, e.g., Invention Submissions Corp.*, 965 F.2d at 1090; *Texaco*, 555 F.2d at 882.  This burden "is not easily met where, as here, the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose."  *Texaco*, 555 F.2d at 882.

The demands are clear and reasonable.  They are within the scope of the FTC's authority, relevant to that inquiry, and tailored to the purpose of the investigation.

## CONCLUSION

For all the foregoing reasons, this Court should enter an order, substantially in the form appended hereto, requiring Mobilefunster, within ten calendar days of the entry of this Court's order compelling compliance, to provide complete responses to the CID's written interrogatories and document requests, and a sworn certificate of compliance in the form provided in Pet. Exh. 2.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

JOHN F. DALY
Deputy General Counsel for Litigation

LESLIE RICE MELMAN
Assistant General Counsel for
Litigation

_____ s/ Alice B. Bartek
ALICE B. BARTEK
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone:  (202) 326-2191
Facsimile:   (202) 326-2477
Email: abartek@ftc.gov

Attorneys for Petitioner Federal Trade
Commission

9